UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT D. MORRIS,

    Plaintiff,

v.                                                    CASE NO. 3:07-cv-1190-J-TEM

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This cause is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his claim for disability benefits. Plaintiff seeks reversal of the Commissioner's decision with directions for processing of payment, or alternatively, reversal and remand of the decision for a further hearing (Doc. #1). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #19). Defendant filed a brief in support of the decision to deny disability benefits (Doc. #20). The Commissioner has filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number).

The undersigned has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the undersigned found the issues raised by Plaintiff were fully briefed and determined oral argument would not benefit the undersigned in making his determinations.

Accordingly, the instant matter has been decided on the written record. For the reasons set out herein, **the Commissioner's decision is AFFIRMED**.

## I. Procedural History

Plaintiff Robert D. Morris filed for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") on December 9, 2004, alleging disability as of May 13, 2003 (Doc. #19 at 1). Plaintiff's initial application was denied, as was his request for reconsideration (Tr. 13). Plaintiff timely requested a hearing before Administrative Law Judge ("ALJ") William H. Greer and a hearing was held on May 9, 2007 (Tr. 13). On October 3, 2007, the ALJ issued an unfavorable decision (Doc. #19 at 1). Subsequently, the Appeals Council affirmed the decision of the ALJ, rendering the ALJ's decision final (Doc. #19 at 1). Plaintiff now appeals.

## II. Standard of Review

A plaintiff is entitled to disability benefits under the Social Security Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A).

For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability benefits are identical to those governing a claim for supplemental security income benefits. *Patterson v. Bowen*, 799 F.2d 1455, 1456, n. 1 (11th Cir. 1986). The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits.

*See* 20 C.F.R. §§ 404.1520(a)(4)(i-v); 416.920(a)(4)(i-v)[1]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

---

[1] All references made to 20 C.F.R. will be to the 2009 edition unless otherwise specified.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove they suffer from disabling physical or mental functional limitations. 20 C.F.R. §§ 404.704; 416.912(c).

### III. Statement of the Facts

Plaintiff Robert D. Morris was born on November 5, 1965; he was forty-one years old at the time of the ALJ's decision (Doc. #19 at 2; Doc. #20 at 2). Plaintiff has completed either the seventh or eighth grade and did not complete his general equivalency diploma ("GED") (Tr. 358). Plaintiff has past relevant work history as a heavy equipment operator

4

(Tr. 375). Plaintiff alleges he became disabled on May 13, 2003 due to pain that stems from "back problems with degenerative discs" (Tr. 118). In addition, Plaintiff stated at the May 9, 2007 hearing that he was injured on the job in May 2003 after being buried in a hole up to his neck while assembling a safety trench box (Tr. 360).[2]

In his decision, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of sedentary work (Tr. 16). Specifically, the ALJ found Plaintiff could lift up to ten (10) pounds occasionally, five (5) pounds frequently; would need the option to change position for at least five (5) minutes, every 30 minutes; no more than occasional bending and stooping; no crouching or crawling, no exposure to dangerous machinery, vibrations, no use of foot controls, and moderate limitations in his ability to concentrate (Tr. 16).

In determining Plaintiff's RFC, the ALJ considered the opinion of two state agency medical consultants (Tr. 24). One of the consultants, in December 2004, found Plaintiff retained the RFC to perform light work with no additional non-exertional limitations (Tr. 251). The other consultant, in September 2005, found Plaintiff retained the RFC to perform light work with no climbing ladders, ropes, or scaffolds (Tr. 262-63). Additionally, a June 8, 2006 Functional Capacity Evaluation states Plaintiff can perform sedentary work; however, it was also noted that Plaintiff's work category was undetermined "based on an inconsistent performance with inappropriate physiological response during the evaluation" (Tr. 339).

---

[2]The Court would note that the record indicates Plaintiff was buried in a trench while working on January 15, 2002 (*see* Tr. 152, 156); however, Plaintiff testified that this injury occurred in May 2003 (Tr. 360). It appears some confusion may have occurred because the ALJ asked Plaintiff to describe the injury that occurred in May 2003 (which is Plaintiff's alleged onset date) and Plaintiff responded that he was injured at work when he was buried up to his neck in dirt (Tr. 360).

At the May 9, 2007 hearing, Plaintiff testified that his pain normally falls between an eight (8) or nine (9) on a scale of zero to ten (10), with ten being extreme pain (Tr. 370). Plaintiff testified that his pain is located in his lower back (Tr. 368-69). Plaintiff further testified that he does not experience any side effects as a result of his pain medications (Tr. 371). In addition, Plaintiff testified that he takes ibuprofen and Imitrex for headaches (Tr. 365).

The ALJ procured testimony from Vocational Expert ("VE"), Lisa Anderson, who was asked to give her opinion as to what jobs exist in the national economy that Plaintiff can perform based on a hypothetical individual with Plaintiff's past work experience, age, education, and who was limited to lifting up to ten (10) pounds occasionally, five (5) pounds frequently, could sit up to five (5) hours a day, up to thirty minutes at a time, changing positions for five (5) minutes, and stand or walk up to four (4) hours a day, up to thirty minutes at a time, changing positions for five (5) minutes (Tr. 375). Additionally, the ALJ asked the VE to assume a moderate degree of impairment with respect to concentration, and to limit jobs to simple unskilled work (Tr. 376).

The VE testified that, given these restrictions, Plaintiff could perform the sedentary jobs of surveillance system monitor, food and beverage order clerk, and table worker (Tr. 376-77). The VE also testified that there are 141,480 surveillance system monitor jobs nationally and 9,980 regionally; 256,760 food and beverage order clerk jobs nationally and 12,240 regionally; and 506,160 table worker jobs nationally and 14,170 regionally (Tr. 376-77). Consequently, the ALJ found the VE's testimony showed a significant number of jobs exist in the national economy that Plaintiff can perform, and concluded Plaintiff was not disabled under the Act (Tr. 27).

## IV. Analysis

Plaintiff first argues that the ALJ erred in posing a hypothetical question that limited Plaintiff to sitting for five (5) hours out of an eight-hour workday when sedentary work requires the ability to sit approximately six (6) hours out of an eight-hour workday (Doc. #19 at 8, 9). The Court, however, finds Plaintiff's argument unpersuasive for the reasons that follow.

In this instance, the ALJ posed the following hypothetical question, in pertinent part, to the VE:

> I want you to assume that the individual could sit up to five hours per day, up to thirty minutes at a time, and by thirty minutes at a time, what I mean is they would need to be able to change position for at least five minutes at least every thirty minutes. I want you to assume the individual can stand or walk up to four hours total in a day, up to thirty minutes at a time, and again, that would mean at least every thirty minutes they could change position to sitting for at least five minutes.

(Tr. 375-76).

In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately six (6) hours out of an eight-hour workday. SSR 96-9p, 1996 WL 374185, at *6 (S.S.A. July 2, 1996). Such an individual may also need to alternate the required sitting of sedentary work by standing periodically. *Id.* at *7. SSR 96-9p additionally provides, however, that where the individual is not functionally capable of doing the prolonged sitting contemplated in the definition of sedentary work, the full range of sedentary work will be eroded. *Id.* at *6. The fact the occupational base is eroded does not necessitate a finding of disability if there exists a significant number of jobs a claimant can perform despite his or her limitations. *Id.* at *4. The Ruling states the ALJ should consult with a VE to determine the extent of occupational base erosion and whether

a significant number of jobs continue to exist considering the individual's limitations. *Id.* at *7, *9; *see also* SSR 83-12, 1983 WL 31253, at *3 (S.S.A. 1983).

Plaintiff's argument in this regard is unpersuasive because, although in order to perform the full range of sedentary work an individual would have to be able to sit for at least six (6) hours, in the case at bar, the ALJ did not find Plaintiff could perform the full range of sedentary work. Instead, the ALJ found that Plaintiff was capable of performing a significant, but not a full range of sedentary work as defined in 20 C.F.R. §§ 404.1567 and 416.967 (Tr. 27). The ALJ found Plaintiff's "ability to perform all or substantially all of the requirements of this level of work [sedentary work] has been impeded by additional limitations" (Tr. 27). Therefore, the testimony of a vocational expert was used to help determine whether there were a significant number of jobs in the national economy that Plaintiff could perform given his residual functional capacity and other vocational factors (*see* Tr. 27).

The ALJ found Plaintiff can sit for only a maximum of five (5) hours out of an eight-hour workday and that he can stand or walk for four (4) hours (Tr. 375). According to the Eleventh Circuit, in order for the VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (superseded by statute on other grounds as recognized in *Leonard v. Astrue*, 487 F. Supp. 2d 1333 (M.D. Fla. 2007)).

Here, the ALJ consulted a vocational expert in order to determine whether a significant number of jobs exist in the national and regional economy that Plaintiff can perform despite his limitations (Tr. 374-77). The VE testified that, given Plaintiff's limitations, Plaintiff would be able to perform the requirements of occupations such as

surveillance system monitor, order clerk food and beverage, and table worker (Tr. 27).

By posing a hypothetical question to the VE that comprised all the claimants limitations that are supported by the record, the Court finds the ALJ did not err in applying the correct legal standards, *supra*, and that his determination that other jobs exist in substantial numbers which Plaintiff can perform despite his limitations is supported by substantial evidence. *See Orestano v. Comm'r of Soc. Sec.*, 252 Fed. Appx. 962, 963-64 (11th Cir. 2007).[3]

Plaintiff's next argument is that the ALJ did not adequately address or consider Plaintiff's alleged headache pain when he determined Plaintiff's RFC (Doc. #19 at 9, 11-12). Plaintiff, however, has not provided evidence to support his contention that his alleged headache pain limits his ability to work. Moreover, Plaintiff readily admits that there is no mention of limitations from his alleged headache pain in the record (Doc. #19 at 9, 11).

As part of his burden of proving that he is disabled, Plaintiff must establish, through objective evidence, that his impairments limit his ability to work. 20 C.F.R. §§ 404.1512(c); 416.912(c). An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. §§ 404.1529(a); 416.929. Moreover, a diagnosis of chronic intractable pain is not enough to establish separate functional limitations in addition to those already established by the record and found credible by the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (finding the mere existence of an impairment neither reveals the extent to which the impairment limits one's ability to work, nor does it undermine

---

[3]Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

the ALJ's determination in that regard). The severity of a medically ascertained impairment must be measured in terms of its effect upon ability to work and not simply in terms of deviation from purely medical standards of normal body function. *Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1211 (M.D. Ala. 2002).

Although Plaintiff states that he experiences headache pain, he has not provided any evidence of how his alleged headache pain affects his ability to work. There is no evidence in the record that any physician, whether treating or evaluating, has determined Plaintiff's headache pain limits his ability to work. Plaintiff himself admits there is no such evidence in the record (Doc. #19 at 9, 11). Furthermore, during the May 9, 2007 hearing, Plaintiff neither testified to any limitations with respect to his headache pain, nor did his attorney question him with regard to any possible headache pain limitations *(see* Tr. 364-71). In addition, the Court's independent review of the record indicates Plaintiff's headaches were well controlled with medications (Tr. 288, 321, 326).

Based on the foregoing, this Court finds the ALJ did not err by omitting from his hypothetical question limitations from headache pain that are not supported by the record. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (finding an ALJ is not required to instruct the VE to assume conditions that he or she does not find exist).

Plaintiff's last argument is that the ALJ did not properly consider or discuss his alleged intellectual limitations (Doc. #19 at 9-10). Specifically, Plaintiff suggests that he may not have the intellectual capabilities to perform the work identified by the VE (Doc. #19 at 9-10). According to Plaintiff, academic testing indicates that he functions at about the

fifth grade level (Doc. #19 at 9).[4]  Plaintiff argues that, as a result, the jobs proffered by the VE were "probably" beyond his ability (Doc. #19 at 9).  The Court, however, finds this argument unpersuasive.

To illustrate, Plaintiff testified that he has no difficulty reading or writing the English language (although he stated he was not a good speller) (Tr. 358).  Plaintiff also testified that he was able to fill out the Social Security forms, and that he has a seventh or eighth grade education (Tr. 358, 375).  A specific vocational preparation level ("SVP") of one (1) or two (2) corresponds to unskilled work, and the VE testified that all of the jobs she identified are an SVP of two (2) (Tr. 376-77); *See* SSR 00-4p, 2000 SSR LEXIS 8, at *8 (S.S.A. 2000).  Unskilled work is defined as work which needs little or no judgment to perform simple duties that can be learned on the job in a short period of time.  20 C.F.R. §§ 404.1568, 416.968.

Plaintiff's past relevant work as a heavy equipment operator was medium work with an SVP of six (6), which corresponds to skilled work that takes over one year to learn.  *See* SSR 00-4p, 2000 SSR LEXIS 8, at *8; *see also* United States Dep't of Labor, *Dictionary of Occupational Titles* § 859.683-010 (4th Ed. 1991).  Thus, Plaintiff has demonstrated the ability to perform work at a higher skill level than the jobs identified by the VE, which are unskilled jobs with an SVP of two (2).

As additional support for his argument, Plaintiff maintains that the surveillance system monitor job, as suggested by the VE, requires the ability to read novels, magazines

---

[4]Plaintiff references GED "Pre-test Scores," which suggest Plaintiff's grade equivalent is 5.1 (*see* Tr. 80).  The record also contains academic testing scores from 1978 (when Plaintiff was in the sixth grade) that indicate Plaintiff was functioning at the fifth grade level at that time (Tr. 65-67).

11

and encyclopedias (Doc. #19 at 10). Although, the surveillance system monitor job requires the ability to read novels, magazines and encyclopedias, the VE also testified that the hypothetical individual could perform the requirements of the 505,160 table worker positions that are available nationally and the 14,170 that are available regionally (Tr. 377). The position of table worker requires only a language level of 1, which corresponds to the ability to "recognize [the] meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers [and p]rint simple sentences containing subject, verb, and object. . . ." *Dictionary of Occupational Titles* § 739.687-182. There is nothing in the record to suggest Plaintiff cannot meet the demands of a language level of 1. Consequently, the Commissioner has met the burden at Step 5 by showing that jobs exist in significant numbers in the economy that Plaintiff can perform given his RFC.

## V. Conclusion

Upon due consideration, the undersigned finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file. Each party shall bear its own fees and costs.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of September, 2009.

Copies to all counsel of record

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge